

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, Third Floor*
*New York, New York 10007*

June 26, 2015

**By ECF**
The Honorable Kimba M. Wood
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Walters v. U.S. Citizenship & Immigration Services, et al.*, 15 Civ. 137 (KMW)

Dear Judge Wood:

    This Office represents respondents (the "Government") in the above-referenced matter. We respectfully submit this letter brief in accordance with the Court's Order, dated May 26, 2015 (Dkt. No. 19), which directed the parties to address whether the Second Circuit's decision in *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008), and similar decisions by other courts, "affect[] Petitioner's ability to state a claim for relief in this case." As explained below, *Ajlani* and related decisions support the Government's position that the complaint fails to state a claim for which relief may be granted.

    The petitioner in *Ajlani* commenced an action to "compel his naturalization as a United States citizen" pursuant to 8 U.S.C. § 1447(b), which allows petitioners to seek judicial review of naturalization applications that have been pending for more than 120 days without a decision. 545 F.3d at 231. Thereafter, he was placed in removal proceedings. *Id.* at 232-33. The Second Circuit affirmed the district court's dismissal of petitioner's action on the ground that his complaint failed to state a claim. *Id.* at 241. Specifically, the Second Circuit held that 8 U.S.C. § 1429(a), which provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding," precluded the district court from granting the petitioner the relief he sought. *Id.* at 239. The Second Circuit reasoned that the "district court['s] authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General." *Id.* at 240. Thus, because the immigration authorities could not consider the petitioner's naturalization application while his removal proceedings were ongoing, the district court likewise could neither declare him eligible for citizenship nor admit him to citizenship. *See id.* at 238-40.

    Although the petitioner in *Ajlani* brought his action under section 1447(b), the Second Circuit relied on two cases involving 8 U.S.C. § 1421(c) in support of its holding: *Zayed v. United States*, 368 F.3d 902 (6th Cir. 2004), and *Bellajaro v. Schiltgen*, 378 F.3d 1042 (9th Cir.

2004). *See Ajlani*, 545 F.3d at 238-40. In those cases, the petitioners sought judicial review of the denial of their naturalization applications under section 1421(c) while their removal proceedings were pending. *See Zayed*, 368 F.3d at 904; *Bellajaro*, 378 F.3d at 1043. Like the Second Circuit in *Ajlani*, the Sixth and Ninth circuits held that section 1429(a) precluded judicial grants of naturalization while removal proceedings were ongoing. *See Zayed*, 368 F.3d at 906 & n.5 (court cannot compel immigration authorities to grant naturalization application because "the statutory bar of § 1429" cannot be circumvented by "judicial fiat"); *Bellajaro*, 378 F.3d at 1046-47 (court cannot review naturalization application, let alone grant application or declare petitioner eligible for citizenship).

Following *Ajlani*, several district courts in this Circuit have held that section 1429(a) forecloses them from either granting naturalization applications or finding that applicants are *prima facie* eligible for naturalization. *See, e.g., Moya de Leon v. Napolitano*, No. 10 Civ. 6176, 2011 WL 1990876, at *3 n.2 (S.D.N.Y. May 23, 2011) ("[T]he Second Circuit's reasoning in *Ajlani* does not suggest a basis to distinguish between cases brought under [sections 1447(b) and 1421(c)]"); *Kolev v. Holder*, No. 11–cv–367, 2011 WL 1706799, at * 1 (E.D.N.Y. May 4, 2011) (*Ajlani* "applies equally to plaintiff's request for relief pursuant to Section 1421(c)").

Here, *Ajlani* bars Walters' claim for relief. Walters has twice been ordered removed from the United States, and the Board of Immigration Appeals ("BIA") affirmed those removal orders in 1996 and 2002. Although this Court granted Walters habeas relief with respect to those removal orders, *see Walters v. Ashcroft*, 291 F. Supp. 2d 237 (S.D.N.Y. 2003), the Second Circuit subsequently vacated the Court's decision and transferred Walters' petition to the United States Court of Appeals for the Eleventh Circuit as a petition for review of a final order of removal, *see Walters v. Ashcroft*, 198 F. App'x 78 (2d Cir. 2006). That petition for review remains pending in the Eleventh Circuit, and, accordingly, section 1429(a) bars this Court from either directing U.S. Citizenship and Immigration Services to approve Walters' naturalization application or granting Walters' application itself. Because Walters is in removal proceedings by virtue of his petition for review, his claim to naturalization, like those of the petitioners in *Zayed* and *Bellajaro*, cannot be reviewed by this Court because it is barred by section 1429(a).

Indeed, even if Walters' petition for review does not require that he be considered to be in removal proceedings, he is still unable to state a claim. Walters' petition for review is of a "final order of removal entered against him by the [BIA] in November 2002." *Walters*, 2006 WL 2711980, at *1. But section 1429(a) also provides that "no person shall be naturalized against whom there is outstanding a final finding of deportability." Under the logic of *Ajlani* and related cases, to the extent Walters' November 2002 removal order is "final" until the Eleventh Circuit grants his petition for review, that too prevents this Court from granting him the relief he seeks.

Finally, even if the Court were to find that *Ajlani* does not apply, Walters' complaint is still subject to dismissal for failure to state a claim. Applicants for naturalization must strictly comply with all of the statutory requirements established by Congress. *See Fedorenko v. United States*, 449 U.S. 490, 506-07 (1981). Under 8 U.S.C. § 1427(a), an applicant for naturalization must, among other things, demonstrate that "immediately preceding the date of filing his application for naturalization[,] [he] has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years." The Immigration and Nationality Act defines the term "lawfully admitted for permanent residence" as "the status of

having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*." 8 U.S.C. § 1101(a)(20) (emphasis added).  Although Walters once held the status of lawful permanent resident, that status has since changed: he was ordered deported and removed by two administratively final orders of the BIA, and those two orders are currently the subject of the petition for review currently pending in the Eleventh Circuit.  While Walters was admitted into the United States with an I-551 ("green card") issued in 2005—owing to this Court's grant of his habeas petition—the Second Circuit vacated this Court's decision and converted the case to the pending petition for review of the underlying deportation and removal orders.  Thus, because he cannot, as a legal matter, meet this threshold requirement for naturalization, his complaint should still be dismissed even if the Court were to find that section 1429(a) does not bar its consideration of Walters' naturalization application.

We thank the Court for its consideration of this letter.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:   /s/ Christopher Connolly
CHRISTOPHER CONNOLLY
Assistant United States Attorney
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov

cc:   *Petitioner's counsel* (by ECF)