LAW OFFICES OF

# KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

| | |
|---|---|
| PLAZA 2650 | TELEPHONE (305) 444-0060 |
| 2650 S.W. 27TH AVENUE | |
| SECOND FLOOR | TELECOPIER |
| MIAMI, FLORIDA 33133 | (305) 444-3503 |

June 26, 2015

Via ECF
The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    *Walters v. United States Citizenship and Immigration Services, et al.*
              Case No. 15-cv-137 (KMW)
              Response to Request for Supplemental Briefing (ECF No. 19)

Dear Judge Wood:

      Petitioner Ricky Walters respectfully responds to the Court's Order [ECF No. 19] directing the parties to brief the issue of "how, if at all, 8 U.S.C. § 1429 affects Petitioner's ability to state a claim for relief in this case" in light of the Second Circuit's decision in *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008), and related cases. Those decisions discuss district court authority to adjudicate naturalization claims when removal proceedings are pending against a naturalization applicant. Because there are currently no removal proceedings pending against Mr. Walters, the limitations announced in those decisions pose no barrier to this Court's authority to reach the merits of Mr. Walters' claims.

      The Immigration and Nationality Act confers on the Attorney General "[t]he sole authority to naturalize persons as citizens of the United States[.]" 8 U.S.C. § 1421(a). Courts, however, are not without a role in the naturalization process. The Act "reserve[s] a measure of naturalization jurisdiction for the courts in two circumstances: denial and delay." *Ajlani*, 545 F.3d at 236. When the agency has denied a naturalization application and the applicant has exhausted the administrative appeals process, the applicant "may seek review of such denial before the United States district court for the district in which such person resides[.]" 8 U.S.C. § 1421(c). A second, independent path to federal judicial review is provided by 8 U.S.C. § 1447(b), which grants district court jurisdiction to conduct hearings on naturalization applications pending for more than 120 days after an applicant's initial administrative interview. A court exercising jurisdiction under this provision "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id*.

June 26, 2015
Page 2

The Second Circuit's decision in *Ajlani* concerned the scope of federal judicial review when a removal proceeding is pending against the naturalization applicant. In *Ajlani*, an applicant sought relief under § 1447(b). After the applicant initiated district court proceedings, but before the district court took any action on the petition, the Government placed the applicant in removal proceedings. By statute, the Attorney General is barred from considering a naturalization application "if there is pending against the applicant a removal proceeding . . . ." *Id*. § 1429. The question presented in *Ajlani* was whether the statutory bar on the *Attorney General's* authority to consider a naturalization application limits the authority of a *district court* to act on a petition brought under § 1447(b).

The Court in *Ajlani* recognized that "[b]y its terms, § 1429 limits only the authority of 'the Attorney General' to act on applications for naturalization when removal proceedings are pending against an alien. The statute says nothing about the authority of district courts acting pursuant to § 1421(c) or § 1447(b)." 545 F.3d at 239. Nevertheless, the Court reasoned that since Congress vested the Attorney General with the "sole authority" to rule on naturalization matters, the authority of district courts "to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General." *Id*. at 240. And since § 1429 expressly bars the Attorney General from deciding naturalization claims during the pendency of removal proceedings, the Court concluded, it follows *a fortiori* that district courts lack such authority as well.<sup>1</sup>

*Ajlani* and other cases to consider the impact of pending removal proceedings on the authority of district courts in naturalization cases do not affect Petitioner's ability to state a claim for relief because there are no removal proceedings pending against Mr. Walters.

---

<sup>1</sup>   *Moya de Leon v. Napolitano*, No. 10-CIV-6176, 2011 WL 1990876 (S.D.N.Y. May 23, 2011) extended *Ajlani*'s holding to cases like this one challenging a naturalization *denial* under 8 U.S.C. § 1421(c). As in *Ajlani*, the court's decision rested on there being "pending" removal proceedings at the time of the district court's dismissal order. *See Moya de Leon*, 2011 WL 1990876, at * 1 (noting that "while this [district court] action was pending, Immigration and Customs Enforcement ('ICE') issued Moya de Leon a notice to appear in a removal proceeding, alleging that he is removable"); *id*. at *3 (relying on "the plain language of § 1429, which . . . precludes the Attorney General from granting a naturalization application while *a removal proceeding is pending*") (emphasis added).

The other cases mentioned in the Court's order similarly involved the authority of district courts to adjudicate naturalizations claims when removal proceedings are pending against the applicant. *See Saba–Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007) ("The district court held that the denial of Saba–Bakare's naturalization application was inappropriate because of the pending removal proceeding against him"); *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 (9th Cir. 2004) ("This appeal requires us to decide whether a district court has jurisdiction pursuant to 8 U.S.C. § 1421(c) to review the denial of an application for naturalization when a removal proceeding is pending."); *Zayed v. United States*, 368 F.3d 902, 907 (6th Cir. 2004) ("Regardless of when removal proceedings are initiated, the Attorney General may not naturalize an alien while such proceedings remain pending.").

June 26, 2015
Page 3

Removal proceedings consist of the administrative process for "determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States." 8 U.S.C. § 1229a(a)(3). The process begins with a trial-type proceeding before an immigration judge, followed by an opportunity for appellate review by the Board of Immigration Appeals. *See generally Mata v. Lynch*, No. 14-185, 576 U.S. __, 2015 WL 2473335, slip op. at 1-2 (2015). Removal proceedings are initiated by the filing of a "notice to appear" with the immigration court, *see* 8 C.F.R. § 1003.14(a), and conclude with the issuance of a final order of deportation or removal, *see* 8 U.S.C. § 1101(a)(47); 8 C.F.R. § 1241.1, the termination of proceedings by an immigration judge or the Board of Immigration Appeals, or a decision to grant relief from removal.

There are no removal proceedings pending against Mr. Walters. Both the deportation and removal proceedings the Government initiated against Mr. Walters resulted in final orders by the Board of Immigration Appeals. *See* Administrative Record ("A.R.") 1617 (BIA decision dated Nov. 25, 2002); A.R. 928 (BIA decision dated March 26, 1997). [2] While there is currently a petition for review pending before the U.S. Court of Appeals for the Eleventh Circuit seeking further review of these orders, the Eleventh Circuit's jurisdiction depends on there being "final order[s] of removal" to review. *See* 8 U.S.C. § 1252(a)(1). The Eleventh Circuit petition is thus not part of any pending removal proceeding.

Nor does Petitioner's outstanding request that the Board of Immigration Appeals reopen Mr. Walters' prior deportation and removal proceedings under its *sua sponte* authority form part of any "pending" removal proceedings because the filing of a motion to reopen or reconsider

---

[2] Although the deportation and removal orders are final, they pose no barrier to Mr. Walters' naturalization under § 1429's separate provision that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act." First, the orders are not "outstanding" because Mr. Walters was admitted to the United States as a lawful permanent resident subsequent to their issuance, *see* A.R. 5774 (reflecting Mr. Walters' admission to the United States on June 5, 2005 as a lawful permanent resident), and Respondents have not attempted to reinstate the orders. (Nor could they, given that Mr. Walters did not "reenter[] the United States illegally." *See* 8 U.S.C. § 1231(a)(5)). Indeed, the agency's own policy manual recognizes that a final order will not bar naturalization where "[t]he applicant was removed from the United States *and later reentered with the proper documentation and authorization.*" USCIS Policy Manual, Vol. 12, Part B, Chapter 3, §B.4, *available at* http://1.usa.gov/1CL5Ghe. That is precisely Mr. Walters' circumstance, since his last entry to the United States in 2005 was made with a valid lawful permanent resident card issued by the agency in accordance with this Court's *habeas* grant. Additionally, the agency's decision points to no evidence in the record that either the deportation or removal order was issued "pursuant to a warrant of arrest," and as such, the orders do not bar naturalization under the plain text of § 1429.

Discussion of this separate provision within § 1429, however, is beyond the scope of the Court's request for supplemental briefing as it is not at issue in *Ajlani* or the other decisions discussed in the Court's order. To the extent the Government contests these issues, Mr. Walters will address them more fully in the anticipated summary judgment briefing.

June 26, 2015
Page 4

does not affect the finality of a final order of removal unless and until the motion is granted. *See Stone v. INS*, 514 U.S. 386, 405 (1995). Finally, the Government has not initiated any new removal proceedings following Mr. Walters' last admission to the United States in 2005. Because there are no removal proceedings pending before an IJ or the Board of Immigration Appeals to determine Mr. Walters' admissibility or deportability from the United States, the bar to such review at issue in *Ajlani* presents no obstacle to this Court's merits review of Mr. Walters' claims.

Indeed, any suggestion the Government may make that there are removal proceedings pending against Mr. Walters is belied by the agency's decision on review. If removal proceedings were pending, the agency would have had no authority to consider Mr. Walters' application for naturalization. *See* 8 U.S.C. § 1429 ("no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding . . ."). Yet the agency did not disclaim authority to consider Mr. Walters' application. Instead, it reached the application's merits, denying it on the erroneous ground that Mr. Walters' last admission to the United States in 2005 was not in accordance with the immigration laws. Unlike in *Ajlani*, the Government has not initiated any new removal proceedings after Mr. Walters filed his petition for naturalization review in this Court. The agency's decision to reach the merits of Mr. Walters' naturalization application thus confirms that no statutory barrier prevents this Court from reaching the merits of Mr. Walters' claims.

**Conclusion**

Because there are no removal proceedings pending against Mr. Walters, *Ajlani* and the related decisions cited in the Court's order do not adversely impact Mr. Walters' ability to state a claim for relief. Petitioner therefore respectfully requests that the Court lift the stay on the scheduling order, solicit a joint proposal from the parties for a new briefing schedule, and rule on the merits of Mr. Walters' petition after complete briefing from the parties on cross motions for summary judgment.

Respectfully submitted,

/s/ Ira J. Kurzban
Ira J. Kurzban
*Attorney for Petitioner*

cc:   Chris Connolly
      Attorney for Respondents (via ECF)