

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York 10007*

September 14, 2015

**By ECF**
The Honorable Kimba M. Wood
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Walters v. U.S. Citizenship & Immigration Services, et al.*, 15 Civ. 137 (KMW)

Dear Judge Wood:

    This Office represents respondents (the "Government") in the above-referenced matter. We respectfully submit this letter brief in accordance with the Court's Order dated August 17, 2015 (Dkt. No. 25), which directed the parties to further address the effect of 8 U.S.C. § 1429 on the Court's authority to grant petitioner Ricky Martin Lloyd Walters naturalized citizenship. As explained below, because Walters is subject to "a final finding of deportability pursuant to a warrant of arrest," section 1429 bars his naturalization by this Court.

    In its prior supplemental letter brief dated June 26, 2015 (Dkt. No. 20), the Government argued that section 1429 bars this Court from reviewing Walters' naturalization application because Walters was ordered removed from the United States in 1996 and 2002, and those removal orders are currently the subject of a petition for review in the Eleventh Circuit. Accordingly, to the extent Walters' petition for review constitutes part of his removal proceedings, those proceedings are ongoing, and this Court cannot entertain his naturalization claim. *See, e.g., Ajlani v. Chertoff*, 545 F.3d 229, 238-40 (2d Cir. 2008).

    The Government further argued—and argues again here—that even to the extent Walters' removal orders are final notwithstanding his pending petition for review, section 1429 still bars relief because Walters is subject to an "outstanding . . . final finding of deportability pursuant to a warrant of arrest." Indeed, in his prior supplemental letter brief (Dkt. No. 21), Walters acknowledged the finality of his removal orders, and these final removal orders are the subject of his pending petition for review, *see generally* 8 U.S.C. § 1252 (appellate courts only have jurisdiction to review final orders of removal). Walters' claim that those orders are not "outstanding" because they purportedly cannot be executed, *see* Dkt. No. 21 at 3 n.2, is unavailing: section 1429 requires only that there be an outstanding final finding of deportability. Here, Walters' 1996 and 2002 removal orders constitute outstanding findings of deportability, and those orders are being reviewed by the Eleventh Circuit.

Moreover, these orders were issued pursuant to a warrant of arrest. Walters was placed in removal proceedings pursuant to notices to appear, which qualify as warrants of arrests under the applicable regulation, *see* 8 C.F.R. § 318.1, and which have been recognized as such by the courts, *see, e.g., Klene v. Napolitano*, 697 F.3d 666, 670 (7th Cir. 2012); *Baraket v. Quarantillo*, No. 09-CV-3547, 2012 WL 3150563, at *3 n.2 (E.D.N.Y. July 31, 2012).

Thus, section 1429 bars this Court from reviewing Walters' naturalization application even though the agency denied Walters' application on other grounds. The statute pursuant to which Walters seeks judicial review, 8 U.S.C. § 1421(c), expressly provides that judicial review of the denial of naturalization claims is *de novo*. Accordingly, its review "is not limited to any administrative record but rather may be on facts established in and found by the district court"; "even if the [immigration authorities are] allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of the [immigration authorities'] findings or conclusions." *Chan v. Gantner*, 467 F.3d 289, 291 (2d Cir. 2006). The Ninth Circuit's decision in *Bellajaro v. Schiltgen*, 378 F.3d 1042 (9th Cir. 2004), does not require otherwise. There, the court determined that it could not reach the merits of an application that was denied on jurisdictional grounds. *See id.* at 1046-47. That concern is not raised here, however, because this Court would be addressing the threshold issue of its own jurisdiction rather than reaching the merits addressed by the agency.

At bottom, Walters seeks to obtain a judicial declaration of citizenship notwithstanding the existence of two final orders of removal against him, and despite the fact that his petition for review of those orders of removal remains pending before the Eleventh Circuit. But that type of "race between the alien to gain citizenship and the Attorney General to deport him" is precisely what section 1429 was enacted to prevent. *Ajlani*, 545 F.3d at 235-36 (citation and internal quotation marks omitted).

Finally, and as explained in the Government's prior letter, even if the Court were to find that section 1429 does not bar Walters' claims, his complaint is still subject to dismissal for failure to state a claim on which relief may be granted. Applicants for naturalization must strictly comply with all of the statutory requirements established by Congress. *See Fedorenko v. United States*, 449 U.S. 490, 506-07 (1981). Under 8 U.S.C. § 1427(a), an applicant for naturalization must, among other things, demonstrate that "immediately preceding the date of filing his application for naturalization[,] [he] has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years." The Immigration and Nationality Act defines the term "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*." 8 U.S.C. § 1101(a)(20) (emphasis added). Although Walters held the status of lawful permanent resident when he was last admitted in 2005—owing to this Court's grant of his habeas petition—that status subsequently changed in 2006 when the Second Circuit vacated this Court's decision. Thus, because he cannot, as a legal matter, meet this threshold requirement for naturalization, his complaint should be dismissed.

We thank the Court for its consideration of this letter.

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney
                                                Southern District of New York

                                  By:    /s/ Christopher Connolly
                                                CHRISTOPHER CONNOLLY
                                                Assistant United States Attorney
                                                Tel.: (212) 637-2761
                                                Fax: (212) 637-2786
                                                E-mail: christopher.connolly@usdoj.gov

cc:    *Petitioner's counsel* (by ECF)