UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RICKY MARTIN LLOYD WALTERS,

                Petitioner,

                                                  15-CV-137 (KMW)
-against-                                          **Opinion and Order**

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

                Respondents.
-------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

        Petitioner Ricky Martin Lloyd Walters ("Petitioner") brings this petition for *de novo* review, pursuant to 8 U.S.C. § 1421(c), of the denial of his petition for naturalization. On May 26, 2015 and August 17, 2015, this Court requested additional briefing on whether 8 U.S.C. § 1429 bars the Court from reviewing this petition and granting the relief requested. For the reasons set forth below, the Court DISMISSES this case pursuant to the statutory bar of 8 U.S.C. § 1429.

I.       **BACKGROUND**

        Petitioner Ricky Walters is a citizen of the United Kingdom who entered the United States in 1976.[1] (Pet'r's Mem., ¶ 1 [Doc. No. 1]). On March 22, 1991, in the Supreme Court of the State of New York, Petitioner pled guilty to, and was convicted of, two counts of attempted murder in the second degree and multiple counts involving firearms violations.[2] *Id.* ¶ 23. On

---

[1] A more extensive account of Petitioner's immigration history can be found in the Court's original habeas opinion, *Walters v. Ashcroft*, 291 F. Supp. 2d 237, 239-41 (S.D.N.Y. 2003) (Wood, J.).

[2] In 2008, New York Governor David Paterson granted Petitioner a full pardon for his convictions. (Pet'r's Mem., ¶ 24 [Doc. No. 1]).

1

March 26, 1997, the Board of Immigration Appeals ("BIA") issued a final order of removal against Petitioner. (Pet'r's June 26, 2015 Resp., 3 [Doc. No. 21]). After departing the country for some amount of time, Petitioner was detained on June 1, 2002 by Immigration and Naturalization Service officials when attempting to reenter the country. (Pet'r's Mem., ¶ 33). Petitioner was again placed in removal proceedings and on November 25, 2002, the BIA issued another final order of removal against him in connection with his 1991 convictions. *Id.*; (Pet'r's June 26, 2015 Resp., 3).

In 2003, this Court granted Petitioner's writ of habeas corpus, which vacated the 1997 final removal order issued by the BIA and reinstated a previous BIA ruling granting Petitioner relief from removal. *Walters v. Ashcroft*, 291 F. Supp. 2d 237 (S.D.N.Y. 2003) (Wood, J.). On September 20, 2006, the Second Circuit vacated this Court's decision after passage of the REAL ID Act of 2005. *Walters v. Ashcroft*, 198 F. App'x 78, 80 (2d Cir. 2006). Section 106(c) of the REAL ID Act eliminated the habeas jurisdiction of the district courts over claims challenging final removal orders, and provided that Courts of Appeal are the exclusive means for challenging final removal orders. *Id.* The Second Circuit transferred Walter's petition for review to the Eleventh Circuit, *id.* at 80-81, where it remains pending today.

On August 22, 2013, Petitioner filed an application for naturalization with United States Citizenship and Immigration Services ("USCIS"). (Pet'r's Mem., ¶ 40). USCIS denied Petitioner's naturalization application on the ground that he is statutorily ineligible for naturalization because he is not a lawful permanent resident. *See id.* at Ex. A. Petitioner now challenges the denial of his naturalization application pursuant to 8 U.S.C. § 1421(c).

## II. LEGAL STANDARD

An outstanding final order of removal is a bar to naturalization. 8 U.S.C. § 1429 ("[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of [the Immigration and Nationality Act] or any other Act."); *see also Ajlani v. Chertoff*, 545 F.3d 229, 238 (2d Cir. 2008) ("'the statutory bar of § 1429' cannot be overcome by 'judicial fiat.'") (quoting *Zayed v. United States*, 368 F.3d 902, 906 & n.5 (6th Cir. 2004)). If a person is not subject to a final order of removal and does not have removal proceedings pending against her, she may seek review of the denial of her naturalization application before a district court. 8 U.S.C. § 1421(c); *see also Ajlani*, 545 F.3d at 239-41.

## III. DISCUSSION

8 U.S.C. § 1429 bars this Court from granting Petitioner's application for naturalization because he is subject to final removal orders pursuant to warrants of arrest.

Petitioner is subject to two final orders of removal. An order of removal becomes final for purposes of § 1429 when the BIA affirms the order. 8 U.S.C. § 1101(a)(47)(B). Here, Petitioner is subject to final removal orders from 1997 and 2002. (Pet'r's Mem., ¶¶ 32-33); *Walters*, 291 F. Supp. 2d at 241. It is only because Petitioner is subject to final removal orders that the Second Circuit vacated this Court's habeas decision and transferred the petition for review of the final removal orders to the Eleventh Circuit. *See Walters*, 198 F. App'x at 79 ("Walters's habeas petition challenged a final order of removal entered against him by the [BIA] in November 2002."); (Pet'r's June 26, 2015 Resp., 3). Because Petitioner's removal orders are final, this Court is barred by § 1429 from granting him the relief he seeks.

Petitioner's removal orders were issued pursuant to warrants of arrest. USCIS and various courts treat a "notice to appear" in a removal proceeding as a "warrant of arrest." *See, e.g.*, 8 C.F.R. § 318.1 ("[A] notice to appear . . . shall be regarded as a warrant of arrest."); *Klene v. Napolitano*, 697 F.3d 666, 670 (7th Cir. 2012) ("[T]here's no logical problem with an agency calling its official process a "notice to appear" and a "warrant of arrest" at the same time, without needing to issue two separate documents. On this, at least, all other courts of appeals agree, and we join them."); *Baraket v. Quarantillo*, 09-CV-3547, 2012 WL 3150563, at *3 n.2 (E.D.N.Y. July 31, 2012). Here, Petitioner's final removal orders were issued pursuant to notices to appear and thereby pursuant to warrants of arrest. *See* 8 C.F.R. § 1003.13. Because Petitioner's final removal orders are pursuant to warrants of arrest, this Court is barred by § 1429 from granting him the relief he seeks.

This Court cannot circumvent the statutory bar of § 1429 by "judicial fiat." *Ajlani*, 545 F.3d at 238 (quoting *Zayed*, 368 F.3d at 906 & n.5). The purpose of § 1429 is to prevent the race between the Government's attempt to remove an alien and the alien's attempt to naturalize. *Ajlani*, 545 F.3d at 235-36. Any attempt by this Court to review Petitioner's naturalization denial and grant him citizenship would simply restart the very race that Congress sought to end. *See, e.g.*, *id.* at 235-40; *Gonzalez-Lora v. U.S. Dep't of Justice*, 14-4741, 2015 WL 6602406, at *2 (3d Cir. Oct. 30, 2015). Because of the statutory bar of § 1429, the relief Petitioner seeks must come from the BIA or the Eleventh Circuit.[3]

---

[3] Petitioner's arguments in response to the Court's requests for additional briefing raise issues that are within the jurisdiction of the Eleventh Circuit because they go to the merits of Petitioner's final orders of removal.

## IV.     CONCLUSION

For the foregoing reasons, the Court DISMISSES Petitioner's petition for review with prejudice.[4]  The Clerk of Court is directed to close this case.


SO ORDERED.


DATED:     New York, New York
           January 4, 2016

>                                   /s/
>                             KIMBA M. WOOD
>                         United States District Judge

---

[4] Petitioner would of course be able to file a new petition if the petition for review pending before the Eleventh Circuit is resolved in his favor, and he again seeks review of a denial of naturalization.  *See, e.g.*, *Ajlani v. Chertoff*, 545 F.3d 229, 241 (2d Cir. 2008).